244 So.2d 896 (1971)
Willie L. BROWN, Plaintiff-Appellant,
v.
Wennie HAWKINS et al., Defendants-Appellees.
No. 8214.
Court of Appeal of Louisiana, First Circuit.
February 1, 1971.
Rehearing Denied March 15, 1971.
*897 Johnnie A. Jones, Baton Rouge, for plaintiff-appellant.
John S. White, Jr., of Kennon, White & Odom, Baton Rouge, for defendants-appellees.
Before LOTTINGER, SARTAIN and PICKETT, JJ.
SARTAIN, Judge.
Plaintiff Brown sustained injuries as a guest passenger in a car owned by Wallace Cain and driven by Norman McKnight on October 15, 1967, about 7:40 p. m. when the car left the road on which they were driving, Louisiana Highway 73 near Dutchtown, and collided with a car being operated by Wennie Hawkins. Plaintiff sued Cain, McKnight and Mrs. Hawkins for his resulting damages.
The trial judge dismissed the suit as to Cain and Mrs. Hawkins and rendered a default judgment in the amount of $1,500.00 against Norman McKnight, who has still made no appearance in these proceedings. Plaintiff has appealed from the dismissal of the suit against Mrs. Hawkins and has asked for an increase in the award of damages. He also contends that the trial judge erred in refusing to allow Norman McKnight to be brought into court during the trial so that plaintiff could call him as a witness. The refusal was based on the fact that plaintiff had not listed McKnight as a witness at the pre-trial conference and had indicated to the judge that he did not intend to call McKnight as a witness at trial.
*898 We do not find that the trial judge erred in disposing of that procedural issue. We also affirm the judgments in the case on the merits both as to the default judgment against Norman McKnight in the amount of $1,500.00 and as to the dismissal of the suit against Wennie Hawkins.
In this case, plaintiff alleged that, as McKnight was driving north on Highway 73, he was confronted with a dangerous situation created by the negligence of Mrs. Hawkins. Prior to the accident, the Hawkins car had been parked on the left or east shoulder of the road facing south toward the oncoming McKnight car. Mrs. Hawkins had turned on her headlights and right turn blinker, preparing to cross the northbound lane and head south. This was in a curve in the road so that when McKnight entered the curve, plaintiff alleged that he was deceived by these lights and thought the Hawkins car was in his lane or about to enter it. Plaintiff alleged that McKnight swerved to the right, off the road, to avoid a collision and that such action was caused by a deceptive situation created by the Hawkins car. It was established that the McKnight car did leave the road to the right and collide with the Hawkins car on the shoulder. However, since plaintiff's host driver, McKnight, did not appear at the trial, there is no proof in the record that his leaving the roadway was caused by the position or lights of the Hawkins car. There is no proof that he ever saw the car, and in the absence of such testimony by the driver as to why he swerved or left the road, the trial judge was correct in concluding that plaintiff did not prove a causal relationship between the position of the Hawkins car and the accident. Certainly, the court cannot assume what an absent witness saw and did or what such a witness would relate in court if he appeared, particularly where the entire issue of proof of causation in the plaintiff's action would depend on such an assumption.
It is for these reasons that the refusal of the trial judge to allow plaintiff to subpoena McKnight during the trial is so important in this case.
The rules of court for the Nineteenth Judicial District are not in the record but the discussion in the transcript between the trial judge and plaintiff's attorney, Mr. Jones, clearly identifies the disputed question: Is a party entitled to call as his witnesses at trial a person not listed on the pretrial order?
The following excerpts from the transcript show the reasoning of the trial judge following plaintiff's request to call McKnight:
"THE COURT: I'm not going to let him testify on your case in chief. He's strictly for rebuttal purposes. I've been sitting here and I've been thinking; I remember very vividly the day of the pre-trial conference now, when the question came up, that you intended to prove your case without these two witnesses (McKnight and Cain). At that time you said you were only going to call the plaintiff. He (McKnight) should have been listed in your pre-trial order, he is not listed in the pre-trial order, he will not testify in chief. You may use him for rebuttal purposes only.
"MR. JONES: I want to call him on cross-examination.
"THE COURT: You cannot call him on cross-examination for your case in chief. We discussed this at the pre-trial conference. At that time you indicated that you didn't intend to call either one of them, you were going to rely on plaintiff's testimony, and I remember very vividly * * *
"MR. JONES: Not on direct, not on direct as my witness, Your Honor, but on cross-examination.
"THE COURT: No, no, that is not what we discussed, and he's not listed. You have to list your witnesses whether you intend to call them on direct or cross-examination, and you didn't do *899 that. You're going to be limited to using McKnight or Cain as rebuttal witnesses."
Plaintiff then rested his case, reserving the right to call Cain and McKnight in rebuttal. After the defendant Mrs. Hawkins rested her case, plaintiff again requested an opportunity to get Cain and McKnight into court.
"THE COURT: He apparently is not coming voluntarily. Now you could have sent your subpoenas out. I'm not going to wait all day for them. Now we started this case a little bit better than 10:30, it's a quarter to 1:00 now. The sheriff could have had both of them and had them here by now. The process server came in and asked you if you wanted the subpoena at that time and you said, no, they were on their way."
Under these circumstances, we do not think the trial judge erred in refusing to delay the proceedings in accordance with plaintiff's request. La.C.C.P. Art. 1551 authorizes the district court to hold a pre-trial conference with opposing attorneys and to render an order pursuant thereto containing a recital of the actions taken and agreements made relative to the pending trial of the matter. Such order controls the subsequent course of the action, unless modified at the trial to prevent manifest injustice. The rules of court for the Nineteenth Judicial District require each party to list the witnesses he intends to call. An orderly disposition of each case and of the entire docket and the avoidance of surprise are inherent in the theory of pre-trial procedure and are sufficient reasons for allowing the trial judge to require adherence to the pre-trial order in the conduct of an action.
The final contention of the plaintiff is that the award of $1,500.00 is inadequate for his injuries.
The only medical testimony was given by a doctor who observed the plaintiff in the hospital emergency room but who did not administer any treatment. No attending physician was called to testify. The trial judge found that plaintiff sustained "a very serious laceration to his forehead which has resulted in permanent scarring. The court feels that an award of $1,500.00 should do substantial justice in this case * * *"
Plaintiff has not directed our attention to any cases involving such an injury which indicate that this figure is inordinately low. In view of the discretion granted to the trial judge in assessing damages under La.Civil Code Art. 1934(3), we cannot say that the award in this case reveals a clear abuse of that discretion. Lomenick v. Schoeffler, 250 La. 959, 200 So.2d 127 (1967).
The judgment of the lower court is therefore affirmed at plaintiff-appellant's costs.
Affirmed.