TUCKER, Judge.
The above captioned and numbered suits which were consolidated for trial arose out of a collision which occurred February 2, 1970, at the intersection of Perkins Road and Terrace Avenue in the City of Baton Rouge. This intersection was controlled by a single semaphore signal which alternately showed red, amber, and green signals to control the flow of traffic on the two intersecting streets. By the testimony of several witnesses, some of them city-parish employees, the signal had not functioned properly for several days prior to the date of the accident, and in par *286 ticular on the day and at the time of the accident.
When the accident occurred plaintiff, Andrew Austrum, with his wife, Edna Aus-trum, as his guest passenger, was proceeding northerly on Perkins Road. By his own testimony he had entered the intersection on an amber signal. Meanwhile the plaintiff in the second suit Willie D. Lewis, who was proceeding in an easterly direction on Terrace Avenue, had entered the same intersection on a green signal and was struck by the Austrum vehicle.
Alleging that the malfunctioning signal light was the proximate cause of the accident, Andrew and Edna Austrum charged the City of Baton Rouge, the Parish of East Baton Rouge, and the State of Louisiana with negligence in the maintenance and operation of a traffic signal light which was functioning improperly despite actual and constructive notice of the malfunction.
In the Austrum suit Andrew Austrum, as head and master of the community, sued the City and State in solido to recover special damages for medical, hospital and ambulance, as well as related expenses for the medical care and treatment of both himself and his wife and for the property damages to his automobile. Mrs. Aus-trum’s medical and hospital expenses, including intermittent periods of hospitalization, from February 2, 1970 through March 23, 1970, were alleged to total the sum of $1995.00 with her future medical expenses estimated to be the sum of $2,000.-00. Mr. Austrum’s medical expenses were listed at $125.00, and the value of his automobile, considered to be a total loss as a result of the accident, was figured to be the sum of $750.00. The entire figure claimed for special damages totals the sum of $4,-870.10.
For his bodily injuries, pain and suffering and mental anguish Mr. Austrum claims damages in the total sum of $2,000.00, and Mrs. Austrum, for her extensive bodily injuries, pain and suffering, including the aggravation of a pre-existing condition, and complications arising therefrom, and mental anguish, claimed damages in the total amount of $50,000.00.
In the second suit, No. 8932 of this docket, Willie D. Lewis sued Andrew Austrum, the City of Baton Rouge, the Parish of East Baton Rouge, and the State of Louisiana, jointly and solidarily or alternatively, individually and severally, under the doctrine of res ipsa loquitur, for his injuries resulting from the aforementioned accident. In the alternative plaintiff charged the City, Parish, and State with negligence as outlined above, and Andrew Austrum with negligence in failing to keep a proper look-out and in operating his automobile in such a fashion that he was unable to stop or to avoid hitting him after he had already preempted the intersection. In his alternative plea plaintiff alleges defendant Austrum’s negligence to be a proximate cause of the accident. He sued for damages as follows:
Drug and present and future medical expenses in the composite sum of .$ 232.91
Bodily injuries, physical and mental pain and suffering, past and future in the total sum of 30,000.00
Cost of repairs to his 1969 model Chevrolet car . 2,109.70
These expenses and damages reflect a total claimed in the Lewis suit of $30,342.61.
By a supplemental and amended petition plaintiffs Austrum, in our Docket No. 8932, the first suit, later joined Willie D. Lewis as a party defendant and co-tortfeasor, alleging his negligence in the operation of his vehicle as a concurrent cause of the accident, in the alternative, and only in the alternative that the signal light be held either to have been functioning correctly at the time of the accident, or that it be held a concurrent cause of the accident.
As a defendant in the Austrum suit Willie D. Lewis answered the supplemental *287 petition, charging Andrew Austrum with contributory negligence, and brought a third party demand against the City of Baton Rouge, the Parish -of East Baton Rouge, and the State of Louisiana through the Department of Highways, for indemnification or contribution in the event that he be cast in judgment as a result of plaintiffs Austrums’ claims against him, on the basis that the aforementioned third party defendants were guilty of joint and concurrent negligence which was a proximate or concurrent cause of the damages and injuries sustained by plaintiffs Austrum.
The City of Baton Rouge filed an exception of no cause of action in both suits, alleging that under the Plan of Government of the Parish of East Baton Rouge and the City of Baton Rouge, duly adopted, as amended, and in particular Sections 3.01, 5.01 and 5.02 thereof, the power and duty of maintaining signal lights lies with the Parish of East Baton Rouge.
The State of Louisiana was included as a party defendant in both suits, because Perkins Road, on which the signal light in question was located, is a state highway. The State of Louisiana through the Department of Highways had contracted with the City of Baton Rouge for maintenance of this particular signal light, however, by a contract dated July 1, 1969, signed by A. R. Ratcliff, Jr., for the Department of Highways, and W. W. Dumas for the City of Baton Rouge, under the authority of Act 40 of 1955 of the Legislature of the State of Louisiana, said contract being in effect until June 1, 1970. The State of Louisiana filed an exception of immunity in both suits, and later the State of Louisiana through the Department of Highways filed a third party demand against the City of Baton Rouge under the aforesaid contract with the City of Baton Rouge, in which it asked the City of Baton Rouge to indemnify and hold harmless the Highway Department for any damage resulting from the failure of the City of Baton Rouge to perform its duties properly under the contract. On April 15, 1971, and upon stipulation of counsel for all parties m these suits, proceedings against the State of Louisiana through the Department of Highways were dismissed, without prejudice.
Plaintiff Edna Austrum departed this life on April 26, 1971. Upon affidavit to that effect Judge Luther Cole substituted her seven, living major children by a previous marriage as parties plaintiff for her in Suit No. 143,623, now our Docket No. 8992, by order of the court dated August 20, 1971. The children substituted in accordance with the terms of Article 2315 of the Civil Code and Article 801 of the Code of Civil Procedure, were Erwin E. Neely, Jr., Edward E. Neely, Myron Melvin Neely, Estelle Neely, Marie Neely Pen-darvis, Harold C. Neely, and Thomas A. Neely. In a most unusual action Judge Cole, in the same order, substituted alternatively Edna Austrum’s grandchildren by a predeceased son, Charles Neely, Karen Neely, and Diana Neely. Judge Cole stated that this order was in accordance with the provisions of Article 801 of the Code of Civil Procedure.
Meanwhile defendant Willie D. Lewis had answered plaintiff’s motion for substitution of parties by exception and allegation to the effect that C.C.P. Article 801 requires more proof of survivorship and/or heirship than an affidavit executed by unidentified strangers; that under C.C. Art. 2334 any recovery deceased might have obtained from an action for damages resulting from offenses and quasi offenses would have been her separate property, for which her surviving spouse would have had no right or cause of action, C.C. Art. 2315 notwithstanding; and thirdly, that C.C. Art. 2315 does not specify grandchildren among the list of those to whom a cause of action survives.
The Parish of East Baton Rouge also excepted to the substitution of parties without specifying the names of the individuals to whom it excepted, and alleged that even in the case of those properly *288 substituted the proper procedures had not been followed, and that the order substituting them should be vacated and recalled.
Upon trial of these consolidated actions the trial judge found that the signal light at the intersection of Perkins Road and Terrace Avenue was in fact malfunctioning at the time of the collision and that this circumstance was a proximate cause of the accident. He found Willie D. Lewis free of negligence and Andrew Austrum negligent in a degree which contributed to the accident and barred his personal claims and also his claims as head and master of the community between himself and deceased.
In the second suit, No. 145,629, No. 8932 of our docket, the judge awarded Willie D. Lewis Two Thousand Six Hundred Forty-Four and 21/100 ($2,644.21) Dollars for property damage, medical expenses, and loss of wages, and Four Thousand and no/100 ($4,000.00) Dollars for physical injuries, pain and suffering, or Six Thousand Six Hundred Forty-four and 21/100 ($6,-644.21) Dollars in total, against Andrew Austrum and the Parish of East Baton Rouge jointly and solidarily.
In the Austrum suit, the trial judge found that Mrs. Edna Austrum was guilty of no negligence and that her injuries received in the collision also contributed to her death. He awarded to her spouse Andrew Aus-trum and to her “legal heirs”, in the proportion of fifty per cent to each category, Nine Thousand and No/100 ($9,000.00) Dollars. In the judgment in this suit the judge named the seven living children of the deceased Mrs. Edna Austrum, but did not name her grandchildren. The Parish of East Baton Rouge was cast in judgment. Mistakenly assuming that the Parish had made a third party demand against Aus-trum, the judge improperly specified that it was entitled to contribution from the co-tortfeasor, Andrew Austrum.
The trial judge further ordered that the demands of the Austrums against the defendant Willie D. Lewis be rejected, and that the third party demands by Willie D. Lewis against the plaintiff Andrew Aus-trum and the governmental bodies be rejected.
The trial judge set the expert witness fees in both cases at $50.00 each. He cast the Parish of East Baton Rouge and Andrew Austrum for all costs in the Austrum suit; the Parish of East Baton Rouge alone for costs in the Lewis suit.
Only the Parish of East Baton Rouge appealed from the judgments in these two consolidated suits. In what might be described as a consolidated brief the Parish alleged error by the trial judge in finding the Parish of East Baton Rouge negligent and in not finding Willie D. Lewis negligent; in permitting the substitution of parties without a judicial proceeding to determine who they should be; in awarding damages apparently for the death of Mrs. Austrum; and in awarding damages in an excessive amount in both suits.
Andrew Austrum and Edna Austrum, deceased, through her substituted parties answered the appeal of the Parish in our Docket No. 8931, alleging error by the trial court in finding Andrew Austrum guilty of negligence contributing to the collision, forming a concurrent cause of the accident, and barring him from recovering for damages sustained by himself personally and as head of the community formerly existing between him and Edna Austrum. Appel-lees also urge error in the amount of damages awarded Edna Austrum through her substituted parties and asked that the award be increased to Thirty-five Thousand and No/100 ($35,000.00) Dollars, and awarded to each plaintiff in the proportion of one-eighth to each. •
Willie D. Lewis answered the Parish’s appeal in the second suit, Appellate No. 8932, and asked that his award for general damages be increased to Ten Thousand and No/100 ($10,000.00) Dollars.
The evidence in these two consolidated cases is overwhelming that the signal light *289 at the intersection of Perkins Road and Terrace Avenue was not functioning properly at the time of the collision herein, and that this circumstance was a proximate cause of the collision. A number of residents of the neighborhood had reported the malfunction of this particular signal light to the proper city and parish authorities a number of times over the six days preceding the accident.
On the night of January 28, 1970, in response to one of these calls, a Parish employee went out to check the signal light in question. After finding that he could not correct the malfunction on the location, he removed the “dial” from the controller and placed the signal on “flash”. The Parish records and the testimony of the Parish employees reflect that some further work was done on the signal light on January 29, 1970, but neither source was clear as to what was done or as to who did it. Obviously these repairs were inadequate, because Officer Munson of the City Police testified that on the morning of the accident, between 7:00 and 8:00 A.M., he was directed to check out additional reports that the signal light was still, malfunctioning. Officer Munson acted as directed and reported to the signal shop that the light was malfunctioning and requested that they send out a repairman to check and repair the light. At the time of the accident, by the testimony of Officer Munson, as well as by the testimony of the parties to the collision, the light was functioning with an amber light for persons travelling north and south on Perkins Road, and with a green light for those travelling east and west on Terrace. As a result both Mr. Austrum and Mr. Lewis believed that the other party was faced by a red signal indicating that he should stop. The finding of the trial court that this light was functioning improperly at the time of the collision will be upheld, as will its finding that the Parish had had actual and constructive notice of the malfunction of the light, with ample time for a correction to be made prior to the accident. The trial judge concluded that the malfunctioning signal light was the proximate cause of the subject accident.
The trial judge cited with approval McDaniel v. Welsh, 234 So.2d 833, 840 (La. App. 1st Cir. 1970), in which it was said “ . . . as a matter of law a high degree of care must be exacted of those whose obligation it is to maintain traffic signals. We deem this rule necessary by the very nature of things. We judicially note that in municipalities, especially metropolitan areas, vehicular congestion on the public streets is constantly increasing. We deem it reasonable to conclude that increasing traffic volume poses new and added control problems to those authorities charged with the obligation of regulating automobile traffic. The greater the volume of traffic, the greater is the need for effective vehicular control, which includes properly functioning signals upon which motorists may rely with confidence.” As a matter of law the-trial judge found the Parish of East Baton Rouge responsible for the proper functioning of the signal light in question and negligent in permitting it to continue unre-paired. As a result of these findings of fact and of law the trial judge held the Parish of East Baton Rouge liable in both suits: In Appellate Suit No. 8931, to Edna Austrum through her substituted parties; and in Appellate No. 8932, to Willie D. Lewis. We affirm the holdings in both suits on this point for reasons set forth above.
It might be noted in passing that the negligence of Willie D. Lewis alleged by the Austrums in their supplemental petition is not before this court. All claims by and against Willie D. Lewis were rejected in the trial court, and he did not appeal in the Austrum suit. The Parish of East Baton Rouge did not mention any claims against the third party plaintiff Willie D. Lewis in its appeal in the Austrum suit; neither did the Austrums mention Willie D. Lewis in their appeal. Under the authority of C.C.P. Art. 2133 Willie D. Lewis is not before this court in Appellate Suit No. 8931. His position is even stronger than those of *290 co-defendants seeking to be excluded from consideration on appeal as in Smith v. Girley, 260 La. 223, 255 So.2d 748 (1971) and Barrois v. Noto, 215 So.2d 676 (La. App. 4th Cir. 1968), writs refused, Noto v. Crowell, 253 La. 301, 217 So.2d 406, and 253 La. 322, 217 So.2d 414.
Although the Parish of East Baton Rouge did not originally charge Andrew Austrum with contributory negligence, the trial judge found Andrew Austrum con-tributorily negligent, barring his recovery. The only evidence of Andrew Austrum’s negligence in the Austrum suit was presented on a charge of negligence by the defendant Willie D. Lewis, who was brought into the suit by supplemental petition. As pointed out above, all charges by and against Willie D. Lewis in the Aus-trum suit were rejected by the trial judge, and he did not appeal. Since the Parish did not plead contributory negligence on Aus-trum’s part, and Austrum did not appeal the judgment against him in favor of Lewis, the question of Austrum’s negligence or contributory negligence, are not at issue on these appeals.
Article 1005 of the Code of Civil Procedure requires that contributory neglience be affirmatively pled. See also Landry v. Yarbrough, 199 So.2d 377 (La.App. 1st Cir. 1967). Neither by answer in the trial court, nor on appeal did the appellant Parish of East Baton Rouge plead the contributory negligence of Andrew Austrum. The mere presence in the record of evidence upon which the trial judge might make a determination of contributory negligence cannot be held to enlarge the pleadings automatically to include such an allegation under Article 1154 of the Code of Civil Procedure. See also Wallace v. Hanover Insurance Company of New York, 164 So.2d 111 (La.App. 1st Cir. 1964). The trial court erred in rejecting Austrum’s claim against the Parish on the ground of Austrum’s contributory negligence. Inasmuch as there is nothing to bar his recovery for the damage caused him by the negligence of the Parish of East Baton Rouge, Andrew Austrum will be permitted to recover as head and master of the community formerly existing between himself and Edna Austrum for proven medical expenses and property damages in the amount of $2,870.10. Mr. Austrum’s personal injuries were relatively superficial, and largely involved bruises, contusions and abrasions for which an award of $750.00 appears to be adequate and proper.
The trial court also erred in rendering judgment in favor of the Parish in the sum of $4,'500.00 on the Parish’s purported third party demand in the Austrum suit. The record discloses no third party demand by the Parish in that action. The only third party demand was made by Lewis who alternatively third partied Aus-trum. Although C.C.P. Art. 862 provides that a final judgment may grant such relief as the record justifies, despite the fact that the party to whom it is awarded has not prayed for it, the code provision is without application herein. We note that C.C.P. Art. 861 expressly provides that items of special damage shall be specifically alleged. The Redactor’s notes to Article 862, above, state that it is primarily intended to eliminate the theory of the case doctrine which heretofore prevailed in this state. The purpose of Article 862, above, is to afford a litigant a specific relief prayed for on a legal theory other than that which the litigant himself may have advanced or prayed for. Article 862 does not, however, permit the granting of a type of relief which litigant has not requested when it is required by Article 861, above, that such relief must be specifically requested, as is the case herein.
In regard to the issue of the substitution of parties in the Austrum suit the trial judge will be upheld. This matter has been definitively treated and settled in J. Wilton Jones v. Liberty Mutual Insurance Co., 248 So.2d 878 (La.App. 4th Cir. 1971); writs refused 259 La. 61, 249 So.2d 202 (1971). In the case of an instituted delic- *291 tual action the right of survivorship belongs to the survivors designated in C.C. Art. 2315, and not to the victim’s succession or to her heirs as such (J. Wilton Jones, supra, at 891). Grandchildren are not included within the provisions of said Art. 2315 as those to whom an action survives, and the trial court correctly omitted them from its judgment. If there are survivors as named in said Art. 2315, they may be substituted in an action in accordance with the provisions of C.C.P. Art. 801 (J. Wilton Jones, supra, at 892). Comment (b) to said Art. 801 (1962) makes it abundantly clear that, by its amendment of 1962, the legislature “amended so as to avoid any possible conflict with any of the provisions of Article 2315 of the Civil Code, as amended by La. Act 30 of 1960.” C.C.P. Art. 801 reads as follows:
“When a party dies during the pendency of an action which is not extinguished by his death, his legal successor may have himself substituted for the deceased party, on ex parte written motion supported by proof of his quality. As used in Articles 801 through 804, ‘legal successor’ means; (1) The survivors designated in Article 2315 of the Civil Code, if the action survives in their favor; and (2) Otherwise, it means the succession representative of the deceased appointed by a court of this state, if the succession is under administration therein; or the heirs and legatees of the deceased, if the deceased’s succession is not under administration.”
Under the unequivocal language of C.C.P. Art. 801 a “legal successor” may have himself substituted for a deceased party “on ex parte written motion supported by proof of his quality.” This is exactly the procedure used in substituting her husband and children as plaintiffs for the deceased Mrs. Austrum in our Docket No. 8931. Their substitution by affidavit not only is in the record, but it is in accord with the letter of the law as expressed in said Art. 801. It is also in accord with the spirit of the new Code of Civil Procedure which was intended to simplify legal procedures as much as possible, consistent with law and justice. No judicial hearing is required or intended before the substitution of parties in an instituted action. Apparently the lower court was satisfied with the affidavit presented there, certifying to the death of Mrs. Austrum and to the fact that the man named was her legal husband, and the seven other parties named were her legal children by another marriage. We see no reason to question this ruling.
The substituted parties have questioned the proportion of their award on appeal. The trial judge awarded the damages recovered in the name of Mrs. Aus-trum in the proportions of one-half t her husband and the other half to be divided among her seven children. The ruling on this point should be modified and amended, and the damages recovered by Mrs. Aus-trum’s substituted parties will be apportioned one-eighth to each of them: one-eighth to her husband, and one-eighth to each of her children, following the holding in McFarland v. Illinois Central Railroad Co., 122 So.2d 845 (La.App. 1st Cir. 1960). There is nothing in C.C. Art. 25 i5 to indicate that there should be any preference among the members of the pri. ary class of those to whom actions survive, and we will create none. We might observe that ordinarily, under the provisions of Art. 2334 of the Civil Code a husband would not share in a wife’s award for personal injuries, which would fall into her separate estate. It is only by special action of C.C. Art. 2315 that a husband may be substituted in his wife’s action for personal injuries and share as her survivor along with her children.
Appellees ask for an increase m the amount of damages awarded for Mrs. Austrum’s injuries, while appellants contend that it is excessive. The record shows that Mrs. Austrum received multiple injuries in the accident, and was treated in the emergency room of the hospital by her personal physician, Dr. Howard Hansen, *292 who found that she had sustained severe contusions of the arms, anterior chest, left breast, both legs and a laceration of the elbow. Mrs. Austrum had a prior history of arthritis in both knees and diabetes melli-tus. Undoubtedly, her recovery was slow due to the arthritis and diabetes. In fact it was necessary for Mrs. Austrum to be hospitalized three times before the various complications arising from her injuries had subsided to the point where her physician could say in May 1970, that he could find no more external signs of her injuries, even though he concluded that she had sustained permanent or residual effects. The trial judge observed that he felt certain that the injuries incurred by Mrs. Austrum, particularly to her chest, had damaged her heart muscle and contributed to her progressive down-hill course and eventual death from cardiac arrest, but there is nothing in this observation, suggesting an intention on the part of the lower court to convert the award into one for death rather than one for injuries, as suggested by counsel for the appellant Parish. We think that the trial judge considered the question of damages to be awarded for Mrs. Austrum's injuries quite carefully and arrived at a reasonable, just and proper amount. The trial court’s award of $9,000.00 for these injuries is neither excessive nor inadequate.
In the Parish’s appeal it was alleged as error that Willie D. Lewis was not found negligent. The ruling of the trial judge that appellee Lewis was completely free of negligence is correct. It was established that Lewis was proceeding through the intersection on a green light, albeit a malfunctioning one.
It is well established in our jurisprudence that a motorist has the right to proceed through an intersection on an electric semaphore which shows a green light to him, relying upon the presumption that motorists on his right and left are opposed by red signals and will stop until he clears the intersection. See Bourgeois v. Francois, 245 La. 875, 161 So.2d 750 (1964); American Home Assur. Co. v. Czarniecki, 216 So.2d 115 (La.App. 2d Cir. 1968), writs granted but issue in point here undisturbed, 255 La. 251, 230 So.2d 253 (1969); and Moore v. Traders & General Ins. Co., 227 So.2d 174 (La.App. 2d Cir. 1969). Lewis had no way to determine that the signal light was not functioning properly. A position similar to that urged by the appellant Parish, that Lewis could have seen the Austrum vehicle had he looked to his right, was specifically rejected in Jordan v. Great American Ins. Co., 248 So.2d 363, 365 (La.App. 4th Cir. 1971).
Likewise, we believe that the trial court’s finding in regard to the quantum in the Lewis case is correct. Dr. Fleet saw Lewis the day after the accident and diagnosed his condition as that of a whiplash to the neck, a lumbo-sacral strain, and a contusion of the left thigh, knee, and the upper third of the leg. Dr. Fleet gave him conservative treatment, saw him on several occasions, and prescribed therapy at the hospital. Later he found no neck spasm, but he did find spasm in the lower back. He gave him a total of six cortisone injections and treated him until March 29, 1970. Appellee Lewis complained of neck problems for two or three months after the accident. His back troubled him for seven or eight months after the accident. He is still taking therapy for his knee pains, and complains of pain in his leg and knee which curtails some of his activities such as fishing. Dr. Fleet thought Lewis should be asymptomatic within two or three months. For almost two years of discomfort and pain as a result of the accident the trial judge considered that $4,000.00 was an adequate award. We believe that this award is proper, fair and just, and is neither inadequate nor excessive.
There will be separate judgments rendered in the two subject cases.
JUDGMENT IN NO. 8931
For the foregoing reasons in our Docket No. 8931, that portion of the lower court’s *293 judgment denying Andrew Austrum’s rights to recover for his personal injuries and special damages is reversed, and, accordingly, there is judgment in favor of the plaintiff, Andrew Austrum, individually and as head and master of the former community of acquets and gains, against the defendant, Parish of East Baton Rouge, in the full sum of Three Thousand, Six Hundred Twenty and No/100 ($3,620.00) Dollars; that portion of the judgment which allocates the award of damages to the survivors of Edna Austrum, deceased, for her injuries, pain and suffering is amended and modified and there is judgment in favor of her substituted parties plaintiff, Andrew Austrum, Erwin E. Neely, Jr., Edward E. Neely, Myron Melvin Neely, Estelle Neely, Marie Neely Pendarvis, Harold C. Neely and Thomas A. Neely, and against the defendant, Parish of East Baton Rouge in the sum of Nine Thousand and no/100 ($9,000.00) Dollars in the proportions of one-eighth to each such party plaintiff, said sums to bear interest at the legal rate from judicial demand until paid; that portion of the trial court’s judgment granting an award of $4,500.00 in favor of the Parish of East Baton Rouge on its purported third party demand against the plaintiff, Andrew Austrum, is reversed, and, accordingly, the third party demand is rejected; in all other respects the judgment of the lower court is affirmed. The defendant Parish is cast with the cost of the stenographer’s fees; all other costs are to be borne by plaintiff, Andrew Austrum.
Judgment reversed in part; affirmed in part; amended in part; and rendered.
JUDGMENT IN NO. 8932
For the foregoing reasons, the judgment of the lower court is affirmed; the defendant Parish of East Baton Rouge is cast with the cost of the stenographer’s fees; all other costs are to be borne by the defendant, Andrew Austrum.
Affirmed.