282 So.2d 434 (1973)
Andrew AUSTRUM et al.
v.
CITY OF BATON ROUGE et al. Willie D. LEWIS
v.
Andrew AUSTRUM et al.
No. 52958.
Supreme Court of Louisiana.
August 20, 1973.
Rehearing Denied September 24, 1973.
*435 Coxe & Coxe, James R. Coxe, III, Baton Rouge for plaintiff-respondent.
Joseph F. Keogh, Parish Atty., Edward V. Fetzer, Asst. Parish Atty., for defendant-relator.
Walton J. Barnes, Baton Rouge, for defendant-respondent.
MARCUS, Justice.
This litigation involves an intersectional collision between two vehicles, one operated by Willie D. Lewis and the other operated by Andrew Austrum, with his wife, Edna Austrum, as guest passenger. The intersection, located at Terrace Avenue and Perkins Road in the City of Baton Rouge, was controlled by a single semaphore signal which was not operating properly on the date of the accident. The Austrum vehicle entered the intersection on the amber light, while Lewis entered on a green light. As a result of the collision, damages were incurred by all the parties. Two lawsuits were filed, which were ultimately consolidated for trial.
The trial court, as well as the Court of Appeal, found that the Parish of East Baton Rouge (hereinafter called "Parish") was negligent in permitting the signal light to remain unrepaired after having knowledge of its malfunctioning with ample time for correction prior to the accident. It was further concluded that the malfunctioning of the signal light was a proximate cause of the accident. The trial court also found that Mr. Austrum was negligent for attempting to cross the intersection on an amber light without exercising the proper precautions under the circumstances. His negligence was also considered a proximate cause of the accident. Both courts below found Lewis to be free from any negligence. Furthermore, the Court of Appeal did not disturb the amount of damages allowed by the trial court. See 267 So.2d 284.
The parties to this litigation do not seem to seriously contest before this Court, either by way of brief or argument, the issues of liability or the amounts awarded by the courts below. Nevertheless, we have carefully reviewed the record and concur in the findings on these issues. The real dispute in this suit involves certain procedural matters which ultimately affect its outcome.
As previously indicated, this matter involves two lawsuits which were consolidated for trial.

*436 Lewis Suit

In this suit, the trial court rendered a judgment in favor of plaintiff, Willie D. Lewis, and against defendants, Andrew Austrum and the Parish of East Baton Rouge, jointly and solidarily, for $2,644.21 as special damages and $4,000.00 as general damages. The judgment was affirmed by the Court of Appeal. It is likewise affirmed by this Court.

Austrum Suit
In this suit, Mr. & Mrs. Austrum sued Lewis and the Parish. Prior to trial, Mrs. Austrum died, and her survivors were substituted as parties plaintiff. The trial court rendered judgment in favor of Mrs. Austrum for $9,000.00 to cover her pain and suffering and other general damages. In the signed judgment, $4,500.00 of the aforesaid amount was designated in her favor through the substituted party plaintiff, Mr. Andrew Austrum, and the remaining $4,500.00 was awarded in her favor through the substituted parties plaintiff, her seven children by a previous marriage. The said judgment was rendered against the Parish. It further rejected Mr. Austrum's individual and community claims because of his contributory negligence and ordered judgment in favor of the Parish on its third party demand against Mr. Austrum for one-half of the judgment, or $4,500.00.
The Court of Appeal reversed that portion of the trial court's judgment which denied Mr. Austrum his individual and community claims, finding that contributory negligence had not been affirmatively pleaded by the Parish. Accordingly, the Court of Appeal allowed Mr. Austrum to recover the community claim of $2,870.10 and fixed $750.00 as the amount of his individual claim for personal injuries. Secondly, the Court of Appeal affirmed the procedure followed by the trial court in allowing substitution of the legal successor for the deceased party plaintiff, but amended the judgment in regard to the proportion of recovery awarded to the substituted survivors. It set the proportions at one-eighth to her surviving husband (Mr. Austrum) and one-eighth to each of her seven children. Finally, the Court of Appeal found that the trial court mistakenly assumed that the Parish had third-partied Mr. Austrum and, therefore, improperly allowed contribution by the Parish against Austrum as a co-tortfeasor. Hence, the Court of Appeal reversed the Parish's recovery of one-half the judgment, or $4,500.00, from Austrum.
Upon application to this Court by the Parish of East Baton Rouge, we granted a writ of certiorari.
The issues to be reviewed in the Austrum case are as follows: (1) the conclusion of the Court of Appeal that the contributory negligence of Mr. Austrum could not be considered; (2) the correctness of its holding that the proper procedure for substitution of the survivors of the decedent, Mrs. Austrum, as parties plaintiff was by ex parte affidavit and, if so, the question of the correctness of the parties designated as survivors and the proportion to be allowed to each; and (3) the disallowance of the claims for contribution by the Parish against Austrum as a co-tortfeasor.
We first address ourselves to the question of whether the contributory negligence of Andrew Austrum is at issue without an affirmative plea being filed by the Parish. It is clear that contributory negligence is an affirmative defense which must be specially pleaded. Article 1005 C. C.P. The general rule established by the jurisprudence is that pleadings may be enlarged by evidence adduced without objection when such evidence is not pertinent to any of the issues raised by the pleadings, and, hence, would have been excluded if objected to timely. Pond v. Campbell, 251 La. 921, 207 So.2d 535 (1968). We need not reach the question of whether this rule applies in the instant case, for we have a pre-trial order which clearly states that *437 one of the two contested facts and contested issues of law is whether Austrum and his wife "were guilty of contributory negligence that was a proximate cause of their injuries and damages and a bar to their recovery."[1]
It is the position of the Parish that this pre-trial order recognized the fact that the contributory negligence of Austrum was properly an issue in the case. The Parish relies upon the provisions of Article 1154 C.C.P.
Our Code of Civil Procedures states in Article 1551 C.C.P. that a pre-trial conference may be held for the purpose of simplification of the issues; the necessity or desirability of amendments to the pleadings; the agreement as to what material facts and issues exist without substantial controversy and what facts and issues are in contest; the possibility of obtaining admissions of fact and of documents without the necessity of proof; the limitation of the number of expert witnesses; or other matters as may aid in the disposition of the action. It is further provided in this article that when a pre-trial conference is so held, "The court shall render an order which recites the action taken at the conference, the amendments allowed to the pleadings, and the agreements made by the parties as to any of the matters considered, and which limits the issues for trial to those not disposed of by admissions or agreements of counsel. Such order controls the subsequent course of the action, unless modified at the trial to prevent manifest injustice."
This pre-trial order is signed by the parties and constitutes an agreement as to the issues to be presented for decision.
Article 1154 C.C.P. provides: "When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised by the pleading. * * *"
We consider the statement in the pretrial order, that one of the contested facts and issues of law is the contributory negligence of Andrew Austrum, as an implied and/or express consent of the parties that this is one of the issues for determination by the court.
The requirement that contributory negligence must be affirmatively pleaded has for its purpose the giving of fair notice of the nature of the defense and preventing surprise. Roberts v. Meche, 204 So.2d 592 (La.App.1967); Davis-Delcambre Motors, Inc. v. Simon, 154 So.2d 775 (La.App.1963); Norman v. City of Shreveport, 141 So.2d 903 (La.App.1962).
This Court, in the case of Eanes v. McKnight, 262 La. 915, 265 So.2d 220 (1972), relied upon an express stipulation in a pre-trial order for its decision in that matter. It was there recognized that the theory inherent in pre-trial procedure is to avoid surprise and to allow an orderly disposition of the case. The pre-trial order under Article 1551 C.C.P. controls the subsequent course of the action, unless modified at the trial to prevent manifest injustice. Brown v. Hawkins, 244 So.2d 896 (La. App. 1971).
It is thus apparent that the contributory negligence of Andrew Austrum was at issue in this case by agreement of the parties in the pretrial order. Article 1154 C.C.P. The Court of Appeal erroneously concluded that it could not be considered.
Therefore, this portion of the judgment of the Court of Appeal must be reversed. It was incorrect for the Court of Appeal to reverse the trial court's denial of Mr. Austrum's individual and community claims.
*438 The next issues for consideration are the correctness of the procedure followed by the trial court in allowing the substitution of parties, the parties designated as the survivors, and the proportion of recovery allowed to each of these parties by the Court of Appeal. The trial court allowed substitution of the heirs of the decedent, Mrs. Austrum, as parties plaintiff by an ex parte written motion supported by a duly notarized affidavit of two persons as to the death and heirship of the deceased. The Court of Appeal upheld the substitution of parties by the use of this procedure.
It is the contention of the Parish that, under Article 801 C.C.P., the "legal successor" may have himself substituted for a deceased party on ex parte written motion "supported by proof of his quality." This, it is argued, does not legally establish the fact that a person is the legal successor. Thus, the Parish asserts, in order to properly substitute parties, the proper succession proceedings must first be invoked in order to judicially determine the proper parties to be substituted.
The Parish also contends that, under Article 2315 of the Civil Code, recovery, if at all allowed, should be in the proportion of one-half to Mr. Austrum and the other one-half divided equally among the other substituted heirs.
Mrs. Austrum's claim involved a delictual action resulting from an offense which was instituted prior to her death. Her claim consisted of pain and suffering and other general damages. The trial court fixed this amount at $9,000.00. Therefore, we are concerned here with the substitution of parties in regard to these survival rights. The Court of Appeal was correct in concluding that Article 801 C.C. P., as amended by Section 1 of Act 92 of 1962, makes it abundantly clear that a "legal successor" may have himself substituted for the deceased party "on ex parte written motion supported by proof of his quality." This is exactly what was done in the instant case. Article 801 reads as follows:
"When a party dies during the pendency of an action which is not extinguished by his death, his legal successor may have himself substituted for the deceased party, on ex parte written motion supported by proof of his quality.
"As used in Articles 801 through 804, `legal successor' means:
"(1) The survivors designated in Article 2315 of the Civil Code, if the action survives in their favor; and
"(2) Otherwise, it means the succession representative of the deceased appointed by a court of this state, if the succession is under administration therein; or the heirs and legatees of the deceased, if the deceased's succession is not under administration therein. As amended Acts 1962, No. 92, § 1."
Article 2315 of the Civil Code, as amended by Section 1 of Act 30 of 1960, clearly provides that the right to damages other than damages to property caused by an offense, if the injured person dies, shall survive to certain designated persons. Article 2315 provides:
"Every act whatever of man that causes damage to another obliges him by whose fault it happened to repair it.
"The right to recover damages to property caused by an offense or quasi offense is a property right which, on the death of the obligee, is inherited by his legal, instituted, or irregular heirs, subject to the community rights of the surviving spouse.
"The right to recover all other damages caused by an offense or quasi offense, if the injured person dies, shall survive for a period of one year from the death of the deceased in favor of: (1) the surviving spouse and child or children of *439 the deceased, or either such spouse or such child or children; * * *"
Accordingly, the survivors named in Article 2315 of the Civil Code were properly allowed to be substituted in accordance with the provisions of Article 801 C.C.P. Article 801, in defining "legal successor," states: "(1) The survivors designated in Article 2315 of the Civil Code, if the action survives in their favor; * * *" Comment (b) under Article 801 notes: "Amended, so as to avoid any possible conflict with any of the provisions of Art. 2315 of the Civil Code, as amended by La. Act 30 of 1960." See J. Wilton Jones Co. v. Liberty Mutual Insurance Co., 248 So.2d 878 (La.App.1971), writ refused, 259 La. 61, 249 So.2d 202. Accordingly, the courts below were correct in the procedure followed in allowing the parties to be substituted as well as its designation of the parties as Mrs. Austrum's survivors.
The final issue for our consideration in this connection is the proportion of recovery allowed among the substituted parties. The Court of Appeal was correct in allowing one-eighth to each party (1/8th to the surviving spouse and 1/8th to each of the seven children). There is nothing in Article 2315 to indicate that there should be any preference among members of the primary class of those to whom actions survive. See McFarland v. Illinois Central Railroad Company, 122 So.2d 845 (La. App. 1960).[2]
The last contention is the correctness of the holding of the Court of Appeal that the Parish is not entitled to contribution.
The trial court, in the Austrum suit, allowed the Parish to recover one-half of the judgment, or $4,500.00, against Austrum on its third party demand. This portion of the judgment was reversed by the Court of Appeal which stated that the district court mistakenly assumed that the Parish had made a third party demand against Austrum and, thus, improperly allowed contribution from the co-tortfeasor, Austrum.
An examination of the record discloses that there is no pleading in the Austrum suit by the Parish against Austrum for contribution. The third party petition of the Parish against Austrum was filed in the Lewis matter.
While these suits were consolidated for trial, each suit is separate and distinct with independent pleadings. It would be improper to allow a pleading from one suit to be used in the other. We also reject the contention that the pleadings were enlarged to include the issue under Article 1154 C.C.P. All the evidence received in regard to the issue of contribution was pertinent to issues which had already been raised by the pleadings in the suit. Furthermore, we conclude that to allow contribution based on Article 862 C.C.P. would be an improper application of this article.
For the reasons assigned, the judgment of the Court of Appeal is affirmed in part and reversed in part. The judgment is affirmed in all respects except in regard to its allowance of the individual and community claims of Andrew Austrum in the Austrum suit, No. 8931, and, in this respect, the judgment of the District Court, denying the claims of Andrew Austrum based upon his contributory negligence, is reinstated.
NOTES
[1] The above quotation is from the contested issue of fact. The contested issue of law is set out as follows: "Whether the facts of this case show contributory negligence of the Plaintiffs, Andrew E. Austrum and Edna Austrum, that was a proximate cause of the injuries and damages, which should bar their recovery herein."
[2] Certiorari was granted by this Court, upon application of defendant, limited to a consideration of the amount awarded the widow. McFarland v. Illinois Central Railroad Company, 241 La. 15, 127 So.2d 183 (1961). The total award for all damages to the surviving spouse was decreased without expressly reviewing the proportionate distribution of the award for pain and suffering (survivor rights) as decreed by the Court of Appeal.