294 So.2d 259 (1974)
Leatha HAWKINS
v.
Abraham CLARK and X Y Z Insurance Company.
No. 9713.
Court of Appeal of Louisiana, First Circuit.
April 22, 1974.
Rehearing Denied May 28, 1974.
Writ Refused July 1, 1974.
*260 Walton J. Barnes, Baton Rouge, for appellant.
Arnold J. Gibbs, Baton Rouge, for appellee.
Before LOTTINGER, BLANCHE and de la HOUSSAYE, J J.
BLANCHE, Judge.
Plaintiff, Leatha Hawkins, brought suit for personal injuries sustained by her when she fell through the bedroom floor of certain premises she was leasing from the defendant, Abraham Clark. The premises were rented on a month-to-month basis from the defendant-owner-lossor of the property. The trial judge rendered judgment in plaintiff's favor in the sum of $993.63 and the defendant has appealed. The plaintiff has answered the appeal alleging that the award in her favor was inadequate. We find no error in the judgment and affirm.
The rental arrangements for the premises were handled by Mr. Milton Doiron of J. T. Doiron Realtors, Incorporated. He was not listed as a witness in the pretrial order filed by defendant and the trial judge refused to permit him to testify. On June 6, 1970, plaintiff was preparing to move from the house when a board in the floor gave way under her weight. As a result thereof her right leg went through the floor causing injuries to her leg and back. There was no evidence that the board appeared to be in a defective condition before the accident and no evidence to show that either the plaintiff or defendant knew or should have known of the weakened and/or rotten condition of the board in the floor. Neither was there any evidence of contributory negligence on the part of the plaintiff. The board was simply defective and when the plaintiff, who weighed approximately 225 pounds, stepped thereon it broke and caused her injuries.
LSA-C.C. Art. 2695[1] places upon the landlord the responsibility for injuries sustained by his lessee because of vices or defects in the premises, whether or not he had actual knowledge of the damaged or defective condition. The condition of the bedroom floor is such a defect as contemplated by the foregoing article.
The plaintiff testified that she had given the defendant's agent, Mr. Milton Doiron, notice of her intention to move. It was also her testimony that her lease terminated on the sixth of the month, the day on which she intended to move. The defendant could not testify as to any of the details concerning the rental of the premises to plaintiff but testified that such details were attended to by Doiron. As stated hereinabove, Doiron was not permitted to testify because defendant failed to list him as a witness in the pre-trial order. Defendant's counsel argued that he intended to call Doiron as a rebuttal witness, evidently to rebut testimony elicited from plaintiff on cross-examination that she was not delinquent in her rent and to show that her rent was due on the first of the month rather than on the sixth.
Clearly, there was no error in the trial judge's refusal to permit the testimony of Doiron. While Rule VII of the Nineteenth Judicial District Court permits the calling of an impeachment witness without having previously listed such a *261 witness in the pre-trial order,[2] we would be naive to accept counsel's labeling of Doiron as a rebuttal witness. He argues in brief, from Doiron's testimony taken under an offer of proof, that the lease had terminated because of a lack of consent between the parties. The absence of a lease at the time of plaintiff's injury appears to us as a defense to the suit which was neither pled by defendant nor submitted as an issue in the pre-trial order.
As stated above, the testimony of Doiron was submitted under an offer of proof, and our review of the same leads us to conclude that it does not sustain defendant's contention that the lease had expired when plaintiff was injured. Therefore, assuming the trial judge should have considered the testimony, which plaintiff was offering on what he had termed as impeachment, the refusal to allow Doiron to testify did not result in any manifest injustice. Brown v. Hawkins, 244 So.2d 896 (La.App. 1st Cir. 1971).
Lastly, we consider the plaintiff's answer to the appeal alleging the inadequacy of the award. We find no error in the award. Concerning this the trial judge carefully considered the evidence and stated:
"In determining the quantum, the court is aware of Dr. Fleet's testimony to the effect that plaintiff suffered a contusion on the right leg, knee and ankle, and foot, and a lumbosacral sprain. The court is aware also of the testimony of plaintiff as well as the other witnesses concerning the nature and extent of the injuries and the suffering. Likewise, the court takes note of the defendant's ability or lack of ability to pay any judgment rendered against him." (Oral Reasons for Judgment, Record, pp. 44, 45)
From our review of the evidence we do not regard plaintiff's injuries as serious and observe from the record that while defendant owned property his income therefrom amounted to approximately $65 to $70 per month and on occasions he only earned $12 per week performing yard work.
For the above reasons, the judgment is affirmed, at the cost of defendant-appellant.
Affirmed.
NOTES
[1] LSA-C.C. Art. 2695 states:

"The lessor guarantees the lessee against all the vices and defects of the thing, which may prevent its being used even in case it should appear he knew nothing of the existence of such vices and defects, at the time the lease was made, and even if they have arisen since, provided they do not arise from the fault of the lessee; and if any loss should result to the lessee from the vices and defects, the lessor shall be bound to indemnify him for the same."
[2] Rule VII, in pertinent part, states:

"SECTION 6. The proposed pretrial order shall set forth:
* * * * *
"(J) A list of witnesses (except those called for impeachment) each party may call and a short statement as to the nature (but not as to the content) of their testimony. Except for the witnesses listed and impeachment witnesses, no other witnesses may be called to testify except for good cause shown."