STOULIG, Judge.
Plaintiff, Nancy Watkins, has appealed a judgment dismissing her suit for damages for personal injuries incurred in a hit- and-run accident. Her claim against defendant, Manchester Insurance & Indemnity Company, is under the uninsured motorist coverage provision of a policy issued to Lee Mitchell, owner of the automobile plaintiff was driving when she was injured.
Defendant urges we should affirm because (1) the record establishes plaintiff’s negligence was a contributing proximate cause of the accident; or (2) she did not qualify as an insured to whom coverage was afforded by the policy; or (3) she failed to prove the vehicle she was driving was actually struck by another car, a pre *438 requisite for recovery in a hit-and-run accident under the uninsured motorist coverage of the policy.
The plaintiff’s failure to prove the accident was caused by the negligence of an alleged unknown motorist who fled the scene obviates our discussing whether we may consider contributory negligence in view of the fact it was not pleaded as an affirmative defense [1] or the policy defenses.
The adjudication of this matter is principally one of credibility. Though not favored with the factual conclusions of the trial judge, our summary of findings as to the occurrence of the accident and the issue of negligence coincides in result with the judgment of the trial court, which we find to be amply supported by a preponderance of the evidence.
We conclude the accident occurred in this way: On October 10, 1971 at approximately 8 p. m., plaintiff double parked her car somewhere in the 600 block of First Street in the lakebound traffic lane in order for her passenger to go into a nearby bar to purchase soft drinks. Vehicles were parked against the curb on both sides of First Street leaving two lanes for moving traffic — one reserved for lakebound motorists, which was occupied by the plaintiff, and the other for riverbound vehicles. Also double parked in the lakebound traffic lane immediately in front of the plaintiff was a panel truck facing in the opposite direction toward the river. When her friend returned, plaintiff started forward and entered into the adjoining lane reserved for riverbound traffic in order to pass the parked truck which blocked her path. As plaintiff moved into the river-bound lane she became aware of the presence of an oncoming car by its blinding headlights, coupled with a warning from her guest passenger. Although both she and her passenger testified the approaching vehicle was speeding, we discount these statements because neither was in a position to approximate its speed since both admittedly were blinded by its “bright, bright” headlights, which they momentarily observed before the accident. In any event plaintiff swerved to avoid this car and in so doing hit the parked truck. The testimony does not preponderate in favor of the factual finding that the riverbound vehicle struck plaintiff’s car.
An evaluation of the evidence, testimonial and documentary, simply reflects that the plaintiff negligently attempted to pass an illegally parked vehicle without first ascertaining it was safe to do so. Her negligence was the sole efficient cause of the accident and resultant injuries. We agree with the apparent conclusion of the trial judge that there is an insufficient eviden-tiary basis to warrant the finding that a hit-and-run accident did occur caused by the negligence of the other driver.
For these reasons the judgment of the trial court is affirmed.
Affirmed.

. See LSA-C.C.P. art. 1005 and Austrum v. City of Baton Rouge (La.) 282 So.2d 434 (1973).