CARTER, Judge.
This is an appeal by Nolan Oubre, the surviving spouse of the deceased, Alnita Mott Oubre, from a judgment of the trial court awarding Barbara Jean Hill, the surviving daughter of the deceased, two-thirds of the sum deposited in the registry of the court ($13,333.33), and the husband one-third of the deposited sum ($6,666.67).
This case[1] arises out of an accident on January 10, 1980, in which Alnita Oubre, age 50, was instantly killed when struck by a vehicle being driven by Tina E. Hamilton in Covington, St. Tammany Parish, Louisiana, as Mrs. Oubre walked along the edge of a public roadway. The liability of the driver of the vehicle was conceded and is not an issue in this case.
At the time of the accident, there was a liability insurance policy carried by State Farm Mutual Automobile Insurance Company and an uninsured motorist clause in the liability policy of the deceased carried by Aetna Insurance Company. The insurance policies were in the amount of $10,000 each, making a total of $20,000 available coverage. These funds were deposited in the registry of the court, and a restrictive dismissal was granted to the defendants, with rights reserved to “litigate the apportionment of the settlement funds.”
*92 The claimants to the funds are Barbara Jean Hill, the major daughter of the deceased, 28 years of age, and Nolan Oubre, the surviving husband of the deceased, 50 years old. The record reflects that Mrs. Hill had been married for 13 years and had resided with her husband and two children in the State of Missouri since 1972. The trial court found that “Mrs. Hill was very close to her mother, that her mother thought a great deal of her and her children.” The evidence in the record reveals that the Oubres lived together for about six years before their marriage and that they had been married for only a brief time.[2] Nevertheless, the trial court found that Mr. Oubre had a “close relationship” with the deceased.
We accept the factual findings of the trial court, as quoted above, but we think the trial court erred in allocating the funds on the basis of two-thirds to the major child and one-third to the husband. The law is settled that damages for wrongful death should be shared equally by the survivors. Davis v. Owen, 368 So.2d 1052 (La.1979), and the cases cited therein. There is nothing in LSA-C.C. art. 2315 to suggest that there should be a preference among members of the primary class of those to whom actions survive. See Austrian v. City of Baton Rouge, 282 So.2d 434 (La.1973). Hence, we amend the judgment to award $10,000 to each claimant; the award to Mrs. Hill is reduced to $10,000; and the award to Mr. Oubre is increased to $10,000.
For the foregoing reasons, we amend the judgment appealed and as amended, affirm. We assess the costs of this appeal equally between appellant and appellee.
AMENDED, AND AS AMENDED, AFFIRMED.

. Two separate lawsuits were filed, one by Barbara Jean Hill, the major daughter of the deceased, and the other by Nolan Oubre, the surviving husband of the deceased, Alnita Ou-bre.

. The deceased had married Nolan Oubre on December 24, 1979, and was killed on January 10, 1980.