620 So.2d 301 (1993)
Milton WELLS, Plaintiff-Appellant,
v.
Ronald GILLETTE, Victor A. Gillette, Fireman's Fund Insurance Company and State Farm Mutual Automobile Insurance Company, Defendants-Appellees.
No. 91-CA-2661.
Court of Appeal of Louisiana, Fourth Circuit.
May 10, 1993.
Rehearings Denied July 20, 1993.
*302 Walter I. Willard, Berrigan, Danielson, Litchfield, Olsen, Schonekas & Mann, New Orleans, for plaintiffs-appellants/RTA, et al.
Michael F. Barry, New Orleans, and Carolyn N. Hazard, Metairie, and Alvin R. Childress, III, New Orleans, for defendants-appellees/Ronald Gillette and Mrs. Victor A. Gillette.
Irwin R. Sanders, Metairie, for intervenors Shirley Williams and Lisa Ann Williams.
Before LOBRANO, ARMSTRONG and PLOTKIN, JJ.
ARMSTRONG, Judge.
In this personal injury action, defendants-in-reconvention, Milton Wells, and his employer, the Regional Transit Authority, and Transit Management of Southeast of Southeast Louisiana, Inc. (collectively referred to as the "RTA"), appeal from a judgment against them and in favor of plaintiff-in-reconvention, Ronald Gillette. We now reverse and remand.
This action arose out of a vehicular collision involving an automobile being driven by plaintiff, Ronald Gillette, and an RTA bus being operated by defendant, Milton Wells. The accident occurred at the intersection of Elysian Fields Avenue and Gentilly Boulevard in the City of New Orleans *303 at approximately 7:00 p.m. on the evening of July 8, 1983. The facts are disputed. Defendants maintain that the RTA bus Wells was operating, which was headed west on Gentilly Boulevard, was stopped at a red traffic signal light in the neutral ground area between the lake-bound and river-bound lanes of Elysian Fields Avenue, when plaintiff, headed south on Elysian Fields Avenue, in a river-bound direction, veered out of control and struck the right front side of the bus. Plaintiff claims he was proceeding south on Elysian Fields Avenue when the bus made a left-hand turn onto Gentilly Boulevard from north bound Elysian Fields Avenue, and went through the neutral ground area into his lane of travel and struck the left front of his vehicle.
Gillette was injured in the accident. In addition, upon impact Wells was thrown out of his seat onto the floor and two passengers, Shirley Williams and her daughter, Lisa, were allegedly injured.
Wells initially filed this suit against Gillette and his mother, Mrs. Victor Gillette, who owned the vehicle he was driving at the time of the accident, the Gillette's insurer, Firemen's Fund Insurance Company, and Wells' excess insurer. The Williamses intervened against Gillette and Firemen's Fund, and added the RTA as a defendant. Gillette and his mother reconvened against Wells, and named the RTA and Transit Management of Southeast Louisiana, RTA's management company, as defendants. After the settlement of various claims, including Wells', trial was held April 23-25, 1991 and judgment was rendered against the RTA in favor of Ronald Gillette in the amount of $52,464.00; in favor of Shirley Williams in the amount of $2,302.99; in favor of Lisa Williams in the amount of $1,154.50; and in favor of the Veterans Administration for medical expenses attributable to the treatment of Ronald Gillette in the Veterans Administration Hospital as a result of the accident.
The RTA raises a number of assignments of error on appeal. Ronald Gillette and his mother, Mrs. Victor Gillette, answered the RTA's appeal and raise several assignments of error. We find one issue dispositive on appeal. The RTA claims that the trial court erred in failing to modify a pre-trial order to extend the cutoff dates for discovery and the exchange of witness lists and, compounding that error, in refusing to allow witnesses not listed on the witness lists to testify. We agree.
The Gillettes argue that the "law of the case" rule should bar this court from considering assignments of error relating to the trial court's refusal to extend the cutoff date for discovery and allow certain witnesses to testify. For several reasons, we disagree. First, our prior decision denying the RTA relief from the trial court's refusal to extend discovery cutoff dates did not address its subsequent exclusion of witnesses from testifying at trial. Second, and more importantly, the "law of the case" rule should not be applied where to do so would either (1) accomplish an obvious injustice, or (2) where the former appellate decision was clearly, palpably or manifestly erroneous. First Federal Savings and Loan v. Disiere, 542 So.2d 11 (La.App. 4th Cir.1989), writ denied, 548 So.2d 311 (La.1989). See also La.C.C.P. art. 2164.[1]
Thus, an appellate court should not summarily dismiss an assignment of error on appeal simply because it previously declined to provide relief through its supervisory powers. The application of the above "exceptions" to the "law of the case" rule implicitly requires a review of the assignment of error raised on appeal, for it cannot be determined whether the prior writ decision was clearly, palpably or manifestly erroneous unless one reviews the claim of error on its merits. Therefore, the assignments of error relating to the trial court's refusal to extend the discovery dates are properly before this court.
The pre-trial order was entered into by all parties on October 4, 1989. This was *304 over four years after the original suit had been filed by Milton Wells, almost four years since the reconventional demand was asserted by the Gillettes against the RTA, and one-and-a-half years after present counsel for the RTA enrolled of record. The pre-trial order set December 4, 1989 as the cutoff date for all discovery; November 14 and 17, 1989 as the cutoff dates for the exchange of the expert witness lists of plaintiffs and defendants, respectively; and November 20 and 27, 1989 as the cutoff dates for the exchange of the fact witness and exhibit lists of plaintiffs and defendants, respectively. The pre-trial order provided that the cutoff dates would remain in effect even if the trial date was continued, and that parties could seek extensions of cutoff dates only by way of a contradictory hearing. At the time the pretrial order was entered a trial date had not been set.
On December 12, 1989, counsel for the RTA filed a request for an extension of the discovery cutoff dates, stating that it had been unable to schedule depositions of "involved experts" and that it had only learned of some expert and fact witnesses when they received the Gillettes' witness lists in mid-November 1989. On January 26, 1990, the trial court set trial for June 14, 1990 and denied the RTA's motion for an extension. The RTA subsequently sought the supervisory review of this court. This court denied relief, finding no abuse of discretion in the trial court's ruling.[2]
On May 30, 1990, counsel for the RTA filed an exhibit list listing five exhibits and a witness list naming ten fact witnesses. On May 31, 1990, same counsel filed an "amended" witness list naming an additional witness, an RTA supervisor. On June 5, 1990, the Gillettes and the Williamses filed a joint motion in limine to exclude those exhibits and the testimony of those witnesses. That motion was set to be heard on June 14, 1990, the day set for trial. On June 8, 1990 the RTA filed a motion to continue the trial so that opposing parties could conduct any discovery procedures relating to the witnesses on its witness lists and thus remove any grounds of prejudice. The motion in limine was continued from June 14, 1990 to September 21, 1990, then to November 30, 1990.
On November 30, 1990, arguments on the motions were heard and the trial court ruled that five of the eleven witnesses on the lists would not be allowed to testify because they had not been listed in the RTA's August 1985 answers to interrogatories propounded by the Gillettes. Counsel for the RTA had not supplemented answers to these interrogatories nor furnished a witness list naming any other witnesses until the list dated May 30, 1990.
On December 4, 1990, the RTA filed a second amended witness list naming two more witnesses, Ross Mocklin, an accident reconstructionist, and Arthur Harrison, a New Orleans Police Officer. On December 6, 1991, a trial date was set for February 19, 1991. On December 7, 1990, the Gillettes and the Williamses filed a joint motion in limine to exclude the testimony of these two witnesses. Trial was not held until April 23 1991. The only witness called by the RTA was Milton Wells, the bus driver and original plaintiff. The trial court refused to allow Officer Harrison to testify, even though he had admittedly been listed as witness by plaintiffs. The trial court allowed Officer Harrison to testify as a proffer. Neither Ross Mocklin, the RTA's accident reconstructionist, nor any of the any other witnesses excluded by the trial court at the November 30, 1990 hearing were allowed to testify. Judgment was rendered on April 30, 1991. On May 2, 1991, the RTA noticed the depositions of Officer Paul Mattio, RTA supervisors Eric Fobbs and Alex Rivas, all fact witnesses, and Ross Mocklin. The record was later supplemented with the depositions of Officer Mattio and Ross Mocklin.
La.C.C.P. art. 1551 provides that in any civil action in a district court, the court may *305 conduct a pre-trial conference to discuss matters that may aid in the disposition of the action. If such a conference is held the trial court "shall" render an order reciting the action taken at the conference and the agreements made by the parties as to any other matters considered. "Such order controls the subsequent course of the action, unless modified at the trial to prevent manifest injustice." Id.
An orderly disposition of each case and the docket and avoidance of surprise are inherent in the theory of pretrial procedure. Eanes v. McKnight, 262 La. 915, 265 So.2d 220 (1972); Naylor v. La. Dept. of Public Hwys., 423 So.2d 674 (La. App. 1st Cir.1982), writs denied, 427 So.2d 439 (La.1983) and 429 So.2d 127, 134 (La. 1983). A trial court has much discretion in determining whether or not to modify a pre-trial order. Neff v. Rose, 546 So.2d 480 (La.App. 4th Cir.1989), writ denied, 551 So.2d 1322 (La.1989); Naylor, supra; Sibley v. Menard, 398 So.2d 590 (La.App. 1st Cir.1980), writ denied, 400 So.2d 211 (La. 1981). The discretion of the trial court to modify the pre-trial order must be exercised to prevent substantial injustice to parties who have relied on the order and structured their cases accordingly. Creppel v. Louisiana Power & Light Co., 514 So.2d 239 (La.App. 5th Cir.1987), writ denied, 516 So.2d 131 (La.1987).
In Neff v. Rose, supra.

While pre-trial orders assist the trial court in the orderly management of its cases, La.C.C.P. art. 1551 does not authorize severe limitations of a party's rights for the technical, though justifiable, violation of a pre-trial order.
In the instant case, the RTA was adversely affected by the trial court's refusal to modify and extend the discovery cutoff dates. Because it received plaintiffs' expert witness list after November 13, 1989, and the discovery cutoff was December 4, 1989, the RTA was unable to depose plaintiffs' expert witnesses. Four of these witnessesan accident reconstructionist and three physicianstestified at trial. The testimony of the accident reconstructionist was instrumental in establishing the RTA's liability. Because the RTA did not file its witness list before the cutoff date, the trial court barred testimony by any expert witnesses for the RTA, particularly, Ross Mocklin, an accident reconstructionist. Several RTA supervisors were also barred from testifying as was Officer Mattio who investigated the accident and made a report as the investigating officer for the New Orleans Police Department. The testimony of Officer Arthur Harrison on behalf of the RTA was also disallowed, even though he had been listed as a witness by plaintiffs.
At the time the RTA filed a request for an extension of the cutoff dates for discovery, December 12, 1989, plaintiffs would not have been prejudiced by the granting of such an extension. At the time of the hearing on the request, January 26, 1990, the trial court set June 14, 1990 as the trial date. As of that time plaintiffs would not have been prejudiced by the extension of the cutoff dates. The trial court's refusal to extend the cutoff dates at that point resulted in manifest injustice, as the RTA was unable to depose plaintiffs' witnesses and was unable to procure any witnesses to defend against plaintiffs' suit. This subsequent exclusion of the RTA witnesses was a direct result of the trial court's denial of the request for an extension of the discovery cutoff dates.
As a result of the trial court's actions, the RTA offered only one witness at trial, Milton Wells, the bus driver. The judgment rendered in this case can hardly be considered the result of a fair trial when the RTA was prevented from deposing any of plaintiffs' witnesses and presenting any investigative or expert witnesses to support its version of the accident. The trial court erred in refusing to extend the discovery cutoff dates and compounded that error by excluding all of the RTA's witnesses except several fact witnesses.
Although we have found that the trial court erred in not permitting additional discovery, the RTA's claim of prejudice appears only to be with regard to the exclusion of Officers Paul Mattio and Arthur Harrison, and the accident reconstructionist Ross Mocklin. We believe this case *306 should be remanded for reconsideration in light of their proffered testimony, and the testimony of any other witnesses the trial court determines to be fair and equitable.
For the foregoing reasons, we reverse the judgment of the trial court and remand this case for further proceedings consistent with the views expressed herein.
REVERSED AND REMANDED.
NOTES
[1] La.C.C.P. art. 2164 provides in pertinent part:

The appellate court shall render any judgment which is just, legal, and proper upon the record on appeal.
[2] In Re: Regional Transit Authority, 90-C-0548 (La.App. 4th Cir.1990). Plotkin, J., dissented and would have granted the writ.