| iLANDRIEU, Judge.
This is an appeal from a judgment of dismissal with prejudice for failure to comply with a pretrial order. Considering the history of delay and lack of cooperation in this case on the part of the appellant, and the appellant’s apparent lack of any intent to comply with discovery requests and court-ordered pretrial procedures, we agree that appellant’s suit should be dismissed but without prejudice. Accordingly, we amend and affirm.
The appellant, Beth Youngblood, filed suit for injuries she allegedly suffered in an automobile accident on July 1, 1986. She was a passenger in an automobile owned by George Kambur. State Farm Mutual Automobile Insurance Company (“State Farm”) was Kambur’s insurer. Youngblood sued State Farm under the uninsured motorist coverage of Kambur’s policy.
A June 14, 1990, trial date was set. Youngblood filed a motion for continuance on April 4, 1990, on the ground that she had discharged her attorney. Her motion to continue was granted and the trial date was reset for November 14, 1991. Once again, Youngblood moved for and got a continuance. Youngblood then, twice more, engaged and discharged successive attorneys. Also, she twice hagain moved for continuances and the case was re-set for trial on October 7, 1992, and then February 8, 1998. Youngblood engaged and then discharged a fourth attorney, and again moved for a continuance. Following this final continuance, State Farm filed a Motion to Compel discovery against Young-blood for discovery responses outstanding for over two years.
In September of 1993 State Farm filed another Motion to Set this ease for trial. On November 8, 1993, they requested a status conference to select the new trial date. The status conference was set for December 3, 1993, but did not go forward because Young-blood moved to continue it. State Farm requested a second conference on January 12, 1994, which was set for March 3, 1994. The status conference was held, although Youngblood did not appear, and a trial date was selected for the fifth time and same was set for October 11,1994.
Also, at the status conference, discovery cut-off dates were assigned. Pursuant to the pre-trial order, the court required Young-blood to disclose all witnesses by September 1,1994. Youngblood admits that she did not comply with the order to disclose witnesses and offers no reasonable explanation for her failure to do so.
Youngblood filed a motion to continue the October 11, 1994, trial date. State Farm filed a Motion to Dismiss the Case for Failure to Permit Discovery based upon Young-blood’s failure to comply with the pretrial order and her failure to comply with unspecified discovery requests. State Farm requested an expedited hearing on the motion which was set for hearing on September 20,
1994.
Youngblood appeared for the hearing and submitted to the trial court her brief in opposition to the motion to dismiss. State Farm also appeared. The trial judge was ill and could not preside at the hearing but ordered that the parties present their arguments, which were taken down by the court reporter, with the transcript being furnished to the trial court. The trial court then ruled, based uponJjjpapers submitted and the transcript of the arguments, that Youngblood’s suit be dismissed with prejudice. On appeal, Young-blood complains of this procedure.
*461 As a general proposition, the sanction of dismissal should not be used unless the noncomplying party knows that noncompliance will result in dismissal. See Fulgham v. An Unknown Police Officer, 480 So.2d 417 (La.App. 4th Cir.1985). However, because of Youngblood’s excessive continuances and lack of any reasonable excuse for failure to comply with the pretrial order, the trial court did not abuse its discretion when it dismissed Youngblood’s ease.
However, we hold that the plaintiffs case should be dismissed without prejudice. The ultimate sanction for failing to comply with discovery orders is dismissal with prejudice. Allen v. Smith, 390 So.2d 1300 (La.1980). This sanction should be imposed only if the party is clearly aware that her noncompliance would result in a dismissal and the party, herself, is at fault in failing to comply with the discovery order. Columbia Homestead Ass’n v. Amoult, 615 So.2d 1 (La.App. 4th Cir.1992). While there is no doubt that Youngblood is personally at fault for the failure to comply, it is evident from the record that she was not clearly aware her suit could be dismissed as a result of the September 20th hearing. During the Motion to Dismiss hearing, she appeared very confused and stated that she thought the hearing concerned a matter other than her failure to comply with the pre-trial order.
More disturbing is the fact that Youngblood was not given sufficient due process for such a severe sanction. A sanction such as dismissal with prejudice should be imposed only after Youngblood had the opportunity to be heard. Columbia Homestead Ass’n v. Amoult, 615 So.2d at 3 citing Chandler v. Mallinckrodt, 527 So.2d 516 (La.App. 3d Cir.1988). And the opportunity to be heard must be at a reasonable time and in a reasonable manner (Emphasis added). Mathews v. Eldridge, 424 U.S. 319, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976); Wilson v. City of New Orleans, 466 So.2d 726 (La.App. 4th Cir.1985), writ granted, 468 So.2d 567 (La.1985), vacated, 479 So.2d 891 (La.1985).
Under the circumstances at hand, we find that holding the hearing without the judge in attendance was not “reasonable.” Young-blood represented herself at the hearing, appeared not to understand the purpose of the hearing, and was mostly non-responsive. Without the judge in attendance, it does not appear that adequate due process was accorded Youngblood considering the severity of the consequential sanction. The trial court exercised no abuse of discretion in dismissing Youngblood’s case considering her excessive continuances. However, the case should be dismissed without prejudice to allow her to pursue her claim with prescription commencing to run from the date of the finality of this judgment.
Accordingly, the judgment of the trial court is amended to dismiss Youngblood’s suit without prejudice.

AFFIRMED AS AMENDED.

ARMSTRONG, J., concurring in part and dissenting in part.