| ]WALTZER, Judge.

STATEMENT OF THE CASE

The State of Louisiana seeks review of the trial court’s ruling denying its request for leave to file an amended answer.
Plaintiffs instituted the present action seeking damages for the wrongful death of their father, Dr. Kenneth Gowland, who died in a vehicular accident. Among the defendants named in the suit was the State of Louisiana through the Department of Transportation and Development. The State filed its original answer to the plaintiffs’ petition on 5 August 1993. On 19 March 1997, the State filed a motion to consolidate the present action with two other lawsuits arising from the same vehicular accident, which motion was denied. On 8 April 1997, the State filed a request for leave to file an amended answer and request for jury trial which the trial court denied on 15 April 1998, The State seeks supervisory review of that decision.

ANALYSIS

The State contends the trial court erred when the court denied it leavé to file the amended answer. The State suggests that the allegations in the amended answer could not have been made until after discovery had been conducted. The State argues it has alleged the fault of other parties which allegations were not made in its original answer. The trial court refused to allow the State to file the amended answer as it concluded that the State filed the amended answer [2only to assert a jury trial request and to circumvent the denial of the motion to consolidate. The trial court further determined that the State was not entitled to a jury trial as La.R.S. 13:5105, the statute which granted the State the right to seek jury trials, is not to be applied retroactively.
La. C.C.P. article 1151 requires that leave be obtained from the trial court for the amendment of an answer when the amendment is filed more than ten days after service of the original answer.
A party may request a jury trial by filing a pleading demanding a trial by jury and a bond in the amount and within the time set by the court pursuant to La.C.C.P. article 1734. The pleading demanding a trial by jury shall be filed not later than ten days after either the service of the last pleading directed to any issue triable by a jury, or the granting of a motion to withdraw a demand for a trial by jury. La. C.C.P. article 1733.
However, a party may not circumvent the time limitations established in La. C.C.P. article 1733 by - filing an amended petition or answer pursuant to La. C.C.P. article 1151. The trial judge, in the exercise of his discretion, may refuse to allow the filing of such amending pleadings which he finds are proffered for the purpose of circumventing the time limitations of the Code of Civil Procedure now found in article 1733. See Barberito v. Green, 275 So.2d 407, 410 (La.1973). Generally, the trial court’s ruling denying amendment of an answer will not be disturbed except where abuse of discretion is manifest and indicates a possibility of resulting injustice. Strecker v. Credico Financial, Inc,, 444 So.2d 783, 787 (La.App. 4 Cir.1984).
In the present case, the trial court concluded that the State sought to file the amended answer to circumvent the time limitations of La. C.C.P. article 1733 and the previous denial of its motion to consolidate. The trial court stated |8in its written reasons that it “compared the amendment of the answer the State proffered herein with the *911 answers previously filed in these proceedings and the other pending cases and found that all issues raised by the State’s Supplemental and Amended Answer to Petition for Damages in this ease have been raised in one or the other of those proceedings; there is no need to permit them to be raised in these proceedings if they are not already within the scope of the original answer.” The State has not supplied this Court with a copy of its original answer. Therefore, we cannot say that the trial court abused its discretion in concluding that these allegations of the amending answer duplicated allegations contained in the State’s original answers..
The trial court correctly determined that the State is not entitled to a jury trial in the instant litigation, which was filed on 27 May 1993. Section 2 of Acts 1993, No. 993 provides that La.R.S. 13:5105 A shall not apply to any suit filed before 1 January 1994.

CONCLUSION

Accordingly, we affirm the ruling of the trial court.

WRIT GRANTED. TRIAL COURT RULING AFFIRMED.

MURRAY, J., concurs with reasons.