781 So.2d 628 (2001)
Lonnie McDUFFIE, et al.
v.
ACANDS, INC., et al.
No. 2000-C-2779.
Court of Appeal of Louisiana, Fourth Circuit.
February 14, 2001.
*630 Gerolyn P. Roussel, Perry J. Roussel, Jr., Jules K. Boudreaux, Roussel & Roussel, Laplace, LA, Counsel for Respondent.
Leon Gary, Jr., William L. Schuette, Jr., Avery Lea Griffin, Olivia S. Tomlinson, Jones, Walker, Waechter, Poitevent, Carrere and Denegre, L.L.P., Baton Rouge, LA, Counsel for Relator.
Court composed of Judge WALTZER, Judge TOBIAS, and Judge GORBATY.
WALTZER, Judge.

STATEMENT OF THE CASE
The relator, Westinghouse Electric Corporation, seeks review of an ex parte ruling denying the relator's request to file a motion to compel the plaintiff to respond to discovery.[1]

STATEMENT OF FACTS
On 7 December 1999, the plaintiffs, Lonnie and Margie McDuffie, filed suit against thirty defendants, including Westinghouse, seeking damages for injuries allegedly sustained by Mr. McDuffie when he inhaled asbestos fibers. In March of 2000, Westinghouse propounded interrogatories and requests for production to the plaintiffs. On 27 October 2000, Westinghouse propounded a second set of interrogatories and requests for production. Plaintiffs failed to respond to either discovery request. Accordingly, in November, 2000 Westinghouse filed a motion to compel responses to its discovery requests. The trial court denied the motion, noting that the request was untimely filed.
The parties dispute the reasons for the failure to file the motion to compel in a timely manner. The relator alleges that it failed because of a mistaken belief as to the deadline for filing the motion, and argues that its mistake is attributable either to the court, to other counsel or a malfunctioning fax machine. Counsel for the plaintiff disputes these allegations and submits documents to show that the fault for filing the motion to compel after the deadline specified in the pretrial order rests solely with the relator.
Relator argues that it will not be able to present its case adequately without responses to the requested discovery. Furthermore, it argues that the plaintiffs cannot show that they are prejudiced by the late filing of the motion to compel. Relator notes that no trial date has been set, and no trial date will be scheduled before the 13 February 2001 status conference. Thus, allowing it to pursue its motion to *631 compel will not have any significant impact on the setting of the trial date, nor will it retard the progress of the suit. Noting that it missed the deadline for filing its motion by only three days, relator contends that in the absence of prejudice, the trial court's action constitutes a manifest injustice because it severely restricts the relator's right to prepare its case.

ANALYSIS
Pre-trial procedure seeks to avoid surprise and allow an orderly disposition of the case. Gilcrease v. Gilcrease, 438 So.2d 658, 662 (La.App. 2 Cir.), writ denied, 442 So.2d 461 (La.1983). A pretrial order controls the subsequent course of action unless modified to prevent manifest injustice. La. C.C.P. art. 1551; Austrum v. City of Baton Rouge, 282 So.2d 434 (La.1973). Because of the need to insure for an orderly disposition of cases, a trial judge is given broad discretion to determine whether or not to modify a pretrial order listing witnesses and narrowing issues. LSA-C.C.P. art. 1551; Neff v. Rose, 546 So.2d 480 (La.App. 4 Cir.), writ denied, 551 So.2d 1322 (La.1989). That discretion is necessarily controlled by the principle that it must be exercised to prevent substantial injustice to the parties who have relied on the pre-trial rulings or agreements and structured the preparation and presentation of their cases accordingly. Naylor v. Louisiana Dept. of Public Highways, 423 So.2d 674, 679 (La.App. 1 Cir.1982), writ denied, 427 So.2d 439 (La.1983) and writ denied, 429 So.2d 127 (La.1983) and writ denied, 429 So.2d 134 (La.1983).
The trial court also has the discretion to extend discovery deadlines and should do so in cases where it is necessary in order to prevent manifest injustice. The matter of whether to modify the pretrial order is solely within the discretion of the trial judge. Absent an abuse of discretion, the decision of the trial judge will be upheld. In deciding whether to modify a pretrial order, a trial court must be ever mindful of the fact that the objective of our legal system is to render justice between the litigants upon the merits of the controversy rather than to defeat justice upon the basis of technicalities. Naylor, 423 So.2d at 683. There is no authority to limit severely a party's rights for the technical, though justifiable, violation of a pretrial order Neff v. Rose, supra.
Where a party fails to follow a court's pre-trial order, the burden is on that party to show why he failed to comply. Landeche v. McSwain, 96-0959 (La. App. 4 Cir. 2/5/97), 688 So.2d 1303, 1309, writ denied, 97-0557 (La.5/1/97), 693 So.2d 741, citing Allwein v. Horn, 558 So.2d 810 (La.App. 5 Cir.1990).
In the instant case, the relator relies on Neff and Wells v. Gillette, 620 So.2d 301 (La.App. 4 Cir.), writ denied, 629 So.2d 396 (La.1993), to support its contention that the trial court erred when it failed to allow it to file its motion to compel responses to its request for discovery.
This reliance is misplaced. In both Neff and Wells the trial court's failure to modify its pretrial order resulted in severe limitations of parties being able to prove their cases. In Neff, a plaintiff attempted to supplement his answers to interrogatories to name two additional witnesses shortly after the deadline for doing so had passed. The trial court granted the defendants' motion to exclude one of the witnesses because the answer was not filed timely, and the court denied the plaintiffs request for a continuance of the trial. The witness excluded was a neuropsychologist whose report indicated that plaintiff was suffering from a serious brain condition. The plaintiff noted that prior to trial he had lived in Iowa where no health professionals *632 could perform the required evaluations. However, he was taken to Dallas on 24 and 25 February 1987 where the neuropsychologist performed the needed tests. The neuropsychologist issued a report on 18 March 1987 that formed the basis for the plaintiffs amendment of his answers to include the neuropsychologist as an additional witness. This court, noting that the plaintiff had amended his answers on the third work day after the date of the doctor's report and the first work day following the pre-trial deadline, found the court abused its discretion by not permitting modification of its pre-trial order. Neff stands for the proposition that absent prejudice to the opposing party, exclusion of a witnesses for failure to list the witness in a timely manner is an abuse of discretion. It does not require the trial court to allow parties to ignore pre-trial deadlines as long as no trial date has been set. In Neff this court stated that LSA-C.C.P. art. 1551 authorizes the trial court to modify pre-trial orders to prevent "manifest injustice". Neff, 546 at 483. The court found that based on the facts in that case sanctioning the failure to modify the pretrial order would have been equivalent to sanctioning the manifest injustice which La. C.C.P. art. 1551 seeks to avoid.
In Wells this court, relying on Neff, found that a trial court's refusal to extend discovery dates five months before trial resulted in manifest injustice because the defendant was unable to depose the plaintiff's witnesses and was unable to procure any witnesses to defend against the plaintiff's action.
This case is clearly distinguishable from Neff and Wells since the trial court did not find that the relator offered any credible reason for missing the deadline specified in the pretrial order. Furthermore, there are twenty-nine defendants in the instant case, not just one or two. The need for an orderly disposition is particularly evident in cases involving numerous parties, where the possible negative consequence of allowing parties to miss deadlines is much more likely. Thus, in Brown v. Associated Ins. Consultants, Inc. 95-1451 (La.App. 1 Cir. 4/4/96), 672 So.2d 324, 328-329, writ denied, 96-1106 (La.6/7/96), 674 So.2d 970, the court noted the necessity for according great discretion to a trial judge in matters related to adhering to deadlines in pretrial orders, and applied a standard of "gross abuse of discretion" to the trial court's ruling.
Unlike the appellants in Neff and Wells, the relator has made no showing that the trial court's refusal to entertain his untimely motion to compel will result in a manifest injustice. Relator offers no proof whatsoever to support its contention that its right to obtain facts concerning the litigation has been severely limited. On the contrary, the plaintiffs offer ample evidence that extensive discovery has been had. In this regard, we note that the relator failed to attach copies of the discovery requests that it alleges must be responded to in order for it to be able to defend properly. To the contrary, the plaintiffs contend that relator has been provided with a wealth of information and/or documentation to allow it to prepare a defense. They specifically note that the relator's counsel participated in the depositions taken of the plaintiff on 15 June 2000 and 17 August 2000, and aver that the relator's counsel extensively questioned the plaintiff as to his claims against relator. Relator's counsel allegedly participated in various deposition taken of coworkers of the plaintiff. More importantly, the plaintiffs attach a copy of a document entitled, "Master Interrogatories and Requests for Production of Documents propounded to the Plaintiffs on behalf of all Defendants," and their detailed twentynine-page response to the discovery request *633 filed on behalf of all defendants. The plaintiffs also attach their 60 page witness and exhibit list which was mailed to all counsel on 1 June 2000, amended exhibit 1 which was mailed to all parties on 4 August 2000, and amended witness list which was mailed to all counsel on 15 August 2000. Having reviewed those documents, it is unclear what further information the relator could possibly need to defend the case.
The trial court is vested with vast discretion when ruling on matters related to pretrial discovery. LeBlanc v. GMAC Financial Services, 97-0131 (La. App. 4 Cir. 5/28/97), 695 So.2d 1106, 1107. Absent an abuse of discretion, a ruling on a discovery request will not be disturbed. Moak v. Illinois Cent. R. Co., 93-0783 (La.1/14/94), 631 So.2d 401 (modified on other grounds, Wolford v. JoEllen Smith Psych. Hosp., 96-2460 (La.5/20/97), 693 So.2d 1164, 1167).
To require a trial judge to modify the pretrial order absent a showing of manifest injustice and prejudice is not warranted. Because the relator failed to make such a showing, the trial court did not abuse its discretion when it refused to allow the relator to file its untimely motion to compel discovery. Accordingly, this writ application is denied.
WRIT GRANTED. JUDGMENT OF THE TRIAL COURT AFFIRMED.
NOTES
[1] We note that relator has not attached the disputed discovery to which it seeks answers. Therefore, nothing in the application demonstrates whether or not the trial court abused its discretion in the enforcement of its pretrial order.