970 So.2d 36 (2007)
Myra Maudra MUNSTER, Christen Cook and John Cook
v.
BILL WATSON FORD, INC., Ford Motor Company and Don Bohn Ford, Inc.
No. 2007-CA-0294.
Court of Appeal of Louisiana, Fourth Circuit.
October 24, 2007.
*37 R. Glenn Cater, Cater and Associates, LLC, New Orleans, LA, for Plaintiff/Appellant.
Kevin R. Tully, H. Carter Marshall, Christovich & Kearney, L.L.P., New Orleans, LA, for Appellee.
(Court composed of Judge MICHAEL E. KIRBY, Judge MAX N. TOBIAS JR., Judge, ROLAND L. BELSOME).
ROLAND L. BELSOME, Judge.
Plaintiffs-Appellants appeal the trial court's judgment granting Defendant-Appellee's exception and dismissing Defendant-Appellee with prejudice. For the reasons that follow, we reverse and remand.
FACTS
Plaintiff-Appellant Myra Maudra Munster purchased a 1995 Ford Windstar van from Bill Watson Ford in New Orleans in September 1995. On July 10, 1998, Ms. Munster lost control of the vehicle and had an accident, in which Ms. Munster's husband, *38 Peter Munster, and minor daughter, Jennifer Cook, were killed. Myra Munster, Christen Cook and John Cook (hereinafter collectively "Appellants" or "Plaintiffs") thereafter filed a products liability suit on July 9, 1999, naming as defendants the dealer who sold the vehicle, Bill Watson Ford, Inc., the dealer who serviced the vehicle, Don Bohn Ford, Inc., and the manufacturer, Ford Motor Company.
PROCEDURAL HISTORY
A scheduling conference was set by the trial court for March 20, 2003. After the conference, proposed deadlines were circulated between the parties. The subsequently agreed-upon deadlines were memorialized in correspondence that was drafted by counsel for Appellants on March 27, 2003, and then signed by all counsel on April 3, 2003. The correspondence included a deadline of all supplemental pleadings to be filed or served on or before May 1, 2003.
In September 2004, counsel for Don Bohn Ford, Inc. filed a Motion to Recognize Stipulated Cutoff and Deadline Dates, which referenced the April 3, 2003 correspondence and the agreed-to dates contained therein. The motion opposed the setting of any new deadlines. After a hearing on the motion, the trial court signed a judgment dated January 31, 2005, ordering that the April 3, 2003 established deadlines would be enforced by the court. The judgment specifically referenced four deadlines, including the May 1, 2003 deadline for all supplemental pleadings.[1]
On April 29, 2005, counsel for Plaintiffs filed a Motion for Leave to Supplement and Amend the petition for damages. The motion stated that "Defendant, Ford Motor Company, has identified an additional defendant through the course of discovery" and that Plaintiffs wished to add the newly discovered defendant. The order granting Plaintiffs permission to amend their petition was signed by the trial court on May 2, 2005.[2]
The Plaintiffs' First Supplemental and Amending Petition added Paulstra CRC Corporation ("Paulstra") as a Defendant. Paulstra was the entity that constructed and designed the motor-mount system that was installed on the Ford Windstar van. When answering the petition, Paulstra excepted, asserting that Plaintiffs had not obtained leave of court and also that the deadline for filing supplemental pleadings had passed. Paulstra's exception was heard on May 12, 2006, with counsel for Plaintiffs present. On June 2, 2006, the trial court signed a judgment granting Paulstra's exception to Plaintiffs' petition, dismissing Paulstra with prejudice from the litigation. This appeal followed.
DISCUSSION
In their sole assignment of error, Appellants assert that the trial court erred in granting Paulstra's exception. We agree.
Provided that it is not contrary to law, a trial court's rulings in pretrial matters are generally given great deference *39 absent an abuse of discretion.[3]State v. Fleming, XXXX-XXXX, p. 13 (La.App. 4 Cir. 4/16/03), 846 So.2d 114, 131. Additionally, trial courts enjoy great discretion with regard to modification or enforcement of pre-trial orders. See La. C.C.P. Art. 1551.[4] We find that the January 31, 2005 judgment signed by the trial court is fundamentally a pre-trial order, as it merely recognized the cutoff dates from May through September of 2003 regarding supplemental pleadings, witnesses, experts, and discovery, all of which are pre-trial matters.
This broad discretion with respect to pre-trial matters is governed by the principle "that it must be exercised to prevent substantial injustice to the parties who have relied on the pre-trial rulings or agreements and structured the preparation and presentation of their cases accordingly." McDuffie v. ACandS, Inc., 2000-2779, p. 2 (La.App. 4 Cir. 2/14/01), 781 So.2d 628, 631 Accordingly, a court may modify a pre-trial order to prevent manifest injustice. McDuffie, p. 2, 781 So.2d at 631 (citing La. C.C.P. art. 1551; Austrum v. City of Baton Rouge, 282 So.2d 434 (La.1973)).[5] "In deciding whether to modify a pretrial order, a trial court must be ever mindful of the fact that the objective of our legal system is to render justice between the litigants upon the merits of the controversy rather than to defeat justice upon the basis of technicalities." McDuffie, supra, 781 So.2d at 631 (citing *40 Naylor v. Louisiana Dept. of Public Highways, 423 So.2d 674, 679 (La.App. 1 Cir. 1982), writ denied, 427 So.2d 439 (La. 1983), and writ denied, 429 So.2d 127 (La. 1983) and writ denied, 429 So.2d 134 (La. 1983)).
In this case, the trial court dismissed with prejudice the non-party defendant that Appellants sought to add to their unprescribed claim, even though the trial court had granted Appellants' motion for leave to amend their petition. Pursuant to the res judicata doctrine and Louisiana case law, a dismissal with prejudice has the effect of a final judgment of absolute dismissal and constitutes a bar on the same cause of action. La.C.C.P. art. 1673; Dean v. The City of New Orleans, XXXX-XXXX, p. 3 (La.App. 4 Cir. 7/12/06), 936 So.2d 851, 852. A dismissal with prejudice is a severe penalty that should be reserved only for extreme circumstances.[6]Allen v. Smith, 390 So.2d 1300, 1301 (La.1980); L & M Hair Products, Inc. v. State, Dept. of Transp. & Dev., 29,998, p. 5 (La.App. 2 Cir. 12/10/97), 704 So.2d 415, 418-19. Although Appellants did not explicitly assign as error the trial court's dismissal of Paulstra with prejudice from the litigation,[7] we nonetheless find that this was both an abuse of discretion and legal error, and find it appropriate to conduct a de novo review. Evans v. Lungrin, 97-0541, 97-0577, p. 7 (La.2/6/98), 708 So.2d 731, 735.
We find that the facts of this case do not rise to the level of extreme circumstances necessitating the drastic penalty of a dismissal with prejudice. First, the omission of a trial date from the January 31, 2005 order negates the premise that the deadlines carried a high level of urgency. Second, Appellants provided reasons for amending the petition past the deadline to file amended pleadings; namely, that the information regarding Paulstra was not obtained through the course of discovery until that point in time.[8] Third, Appellants submit that the motor-mount system is the very foundation of Appellants' defective product allegations, and that Paulstra, as the entity that constructed and designed the motor-mount system, is thus an integral party to the litigation. Pursuant to *41 La. Civ.Code art. 2324(B),[9] Paulstra's alleged liability could be accounted for even if Paulstra is not added as a defendant. Appellants will have then lost the opportunity to recover for any responsibility potentially assigned to Paulstra. Finally, we note that the language of Article 1673 reads:
A judgment of dismissal with prejudice shall have the effect of a final judgment of absolute dismissal after trial. A judgment of dismissal without prejudice shall not constitute a bar to another suit on the same cause of action.
La.C.C.P. art. 1673 (emphasis added). Moreover, the relevant portion of Article 1672, the provision regarding involuntary dismissal, provides:
In an action tried by the court without a jury, after the plaintiff has completed the presentation of his evidence, any party, without waiving his right to offer evidence in the event the motion is not granted, may move for a dismissal of the action as to him on the ground that upon the facts and law, the plaintiff has shown no right to relief. The court may then determine the facts and render judgment against the plaintiff and in favor of the moving party or may decline to render any judgment until the close of all the evidence.
La.C.C.P. art. 1672(B)(emphasis added).
Accordingly, we find that, considering the language of La. C.C.P. arts. 1672(B) and 1673, combined with the particular facts and circumstances of this case, the trial court committed legal error in dismissing Paulstra with prejudice without any consideration of the merits of Appellants' claims. Moreover, we find that because no prejudice will result from adding Appellants' viable claim against Paulstra, we reverse the trial court's dismissal of Paulstra.
CONCLUSION
The judgment granting the exception in favor of Paulstra and dismissing Paulstra with prejudice is hereby reversed and the matter remanded to the trial court for proceedings consistent with this opinion.
REVERSED AND REMANDED.
TOBIAS, J., Concurs and Assigns Reasons.
TOBIAS, J., Concurring.
I respectfully concur in order to assign additional reasons in support of the majority's decision.
Even assuming that the trial court was correct and did not abuse its discretion in dismissing Paulstra CRC Corporation as a party defendant because the late addition of it as a party violated a pretrial order, nothing prevented the plaintiffs/appellants from filing a separate suit against Paulstra and thereafter, as mandated by rules of court, moving for consolidation of the suits for trial. (Judicial economy would warrant such a result.) Whether Paulstra is a joint or solidary obligor, the filing of suit against the remaining defendants interrupted prescription against all potential defendants. See La. C.C. arts. 1793 and 2324 C. The plaintiffs merely chose the *42 more direct method: filing a supplemental and amending petition adding Paulstra. The trial court by its 2005 order granted the supplementation and amendment.
This is not a unique case. Substantially similar things occurred in Dubuclet v. St. Paul Fire and Marine Ins. Co., 94-0708 (La.App. 4 Cir. 12/15/94), 647 So.2d 1344.
NOTES
[1] The January 31, 2005 judgment did not reference a trial date.
[2] Paulstra CRC Corporation ("Paulstra") submits that neither Paulstra nor Don Bohn Ford, Inc. was provided with a copy of Plaintiffs' Motion for Leave of Court and the signed order. The record reflects that Don Bohn Ford, Inc. filed a Motion to Strike the Supplemental and Amending Petition on June 24, 2005, asserting that Plaintiffs did not obtain leave of court or written consent of the parties. The motion also noted the pre-existing deadline of May 1, 2003 to file supplemental pleadings, and attached the January 31, 2005 order to its memorandum in support of the motion to strike. Plaintiffs subsequently filed a second motion for leave, which was granted by the trial court on May 3, 2006.
[3] A trial court's determination of whether to allow amendments to pleadings after answers are filed is likewise reviewed on appeal under the abuse of discretion standard. See Gowland v. State, XXXX-XXXX, p. 2 (La.App. 4 Cir. 6/24/98), 716 So.2d 909, 910.
[4] La. C.C.P. Art. 1551 provides:

A. In any civil action in a district court the court may in its discretion direct the attorneys for the parties to appear before it for conferences to consider any of the following:
(1) The simplification of the issues, including the elimination of frivolous claims or defenses.
(2) The necessity or desirability of amendments to the pleadings.
(3) What material facts and issues exist without substantial controversy, and what material facts and issues are actually and in good faith controverted.
(4) Proof, stipulations regarding the authenticity of documents, and advance rulings from the court on the admissibility of evidence.
(5) Limitations or restrictions on or regulation of the use of expert testimony under Louisiana Code of Evidence Article 702.
(6) The control and scheduling of discovery.
(7) The identification of witnesses, documents, and exhibits.
(8) Such other matters as may aid in the disposition of the action.
B. The court shall render an order which recites the action taken at the conference, the amendments allowed to the pleadings, and the agreements made by the parties as to any of the matters considered, and which limits the issues for trial to those not disposed of by admissions or agreements of counsel. Such order controls the subsequent course of the action, unless modified at the trial to prevent manifest injustice.
C. If a party's attorney fails to obey a pretrial order, or to appear at the pretrial and scheduling conference, or is substantially unprepared to participate in the conference or fails to participate in good faith, the court, on its own motion or on the motion of a party, after hearing, may make such orders as are just, including orders provided in Article 1471(2), (3), and (4). In lieu of or in addition to any other sanction, the court may require the party or the attorney representing the party or both to pay the reasonable expenses incurred by noncompliance with this Paragraph, including attorney fees.
[5] "The trial court also has the discretion to extend discovery deadlines and should do so in cases where it is necessary in order to prevent manifest injustice." McDuffie, supra, 781 So.2d at 631.
[6] The Louisiana Supreme Court has noted that this rule has been observed by many federal courts as well. Allen v. Smith, 390 So.2d 1300, 1301 (La.1980) (citations omitted).
[7] See La C.C.P. art 2164; see also Ducombs v. Nobel Ins. Co., XXXX-XXXX, p. 10 (La.App. 4 Cir. 7/21/04), 884 So.2d 596, 602 (noting that "[u]nder La. C.C.P. art. 2164, the appellate court shall render any judgment which is just, legal, and proper upon the record on appeal").
[8] We note that this Court, in Youngblood v. Kambur, 94-2458 (La.App. 4 Cir. 1/19/96), 668 So.2d 459, held that a trial court's sanction of a dismissal with prejudice for a plaintiff's failure to comply with a pre-trial order was unreasonable, and amended the judgment to a dismissal without prejudice. This Court found that the plaintiff sought "excessive continuances" and displayed "an apparent lack of any intent to comply with discovery requests" and a "lack of any reasonable excuse for failure to comply with the pretrial order." Youngblood, 668 So.2d at 460-61. However, this Court found that the most severe penalty that should be imposed for this flagrant disregard for any deadlines or mandates in the pretrial order was a dismissal without prejudice. While Youngblood also involved an issue regarding whether the plaintiff had a reasonable opportunity to be heard (the judge was ill on the date of the hearing and ordered the parties to present arguments to the court reporter; the judge then based his ruling on the transcript of the hearing and the parties' briefs), we find that Youngblood is nonetheless instructive, as the actions of the plaintiff in Youngblood are in sharp contrast to Appellants' request, which was granted, to amend their petition beyond the previously agreed-to deadline for supplemental pleadings.
[9] La. Civ.Code art. 2324(B) provides:

If liability is not solidary pursuant to Paragraph A, then liability for damages caused by two or more persons shall be a joint and divisible obligation. A joint tortfeasor shall not be liable for more than his degree of fault and shall not be solidarily liable with any other person for damages attributable to the fault of such other person, including the person suffering injury, death, or loss, regardless of such other person's insolvency, ability to pay, degree of fault, immunity by statute or otherwise, including but not limited to immunity as provided in R.S. 23:1032, or that the other person's identity is not known or reasonably ascertainable.